**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**JEANNE TILLERY**                                          **CIVIL ACTION**

**VERSUS**                                                  **NO:  06-4934**

**NATIONAL FLOOD INSURANCE**                                **SECTION: "S" (3)**
**PROGRAM ET AL.**


**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that Fidelity National Property and Casualty Insurance

Company's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil

Procedure, is **GRANTED**.  (Document #21.)

**IT IS FURTHER ORDERED** that Jeanne Tillery's cross-motion for summary judgment

is **DENIED**.  (Document #23.)

**I. BACKGROUND**

As a result of Hurricane Katrina, Jeanne Tillery suffered a total loss of her home at 2751

Prentiss Avenue, New Orleans, Louisiana, because of flood damage.  Fidelity National Property

and Casualty Company (Fidelity) issued a Standard Flood Insurance Policy [SFIP] under the

National Flood Insurance Program by.  Tillery provided written proof of her damages to Fidelity.

The National Flood Insurance Program denied the claim because the policy for the 2005-2006 period had lapsed for non-payment.  Fidelity received the payment on August 25, 2005, five days after the policy could be reinstated without interruption.  Fidelity applied the premium to a new policy with an effective date of September 24, 2005.

Tillery filed a complaint against Fidelity for breach of the terms of the insurance contract by failing to pay her flood claim.[1]  Fidelity and Tillery filed cross-motions for summary judgment.

## II. DISCUSSION

### A.  Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### B.  Lapsed policy

---

[1]     Tillery's claim against the National Flood Insurance Program was dismissed on March 7, 2007.

Fidelity contends that the flood insurance policy lapsed because Tillery failed to send a premium timely.  Fidelity argues that a renewal notice was sent on May 26, 2005, and a renewal reminder notice on July 6, 2005.  Thus, Tillery was aware that the policy expired on July 21, 2005, and that she had to send the premium before the grace period for reinstatement expired on August 20, 2005.  On August 14, 2005, Tillery called her insurance agent, who told her to send the check right away because the policy was going to expire.  Tillery contends that she mailed a check for policy renewal in the amount of $792 to Fidelity on August 14, 2005, six days before the end of the grace period.  Fidelity did not receive Tillery's check until August 25, 2005. Fidelity argues that there is no mechanism to reinstate the policy and provide Tillery with benefits.

"Under [Federal Emergency Management Agency] regulations, strict adherence is required to all terms of the SFIP."  Forman v. Fed. Emer. Mgmt. Agency, 138 F.3d 543, 545 (5th Cir. 1998); 44 C.F.$. §§ 61.13(a), (d), (e).  The relevant requirements for renewal of a SFIP are found in 44 C.F.R. Pt. 61, app. A(1), art. VII(H):

> 1.  This policy will expire at 12:01 a.m. on the last day of the policy term.
> 2.  We must receive the payment of the appropriate renewal premium within 30 days of the expiration date.

The evidence establishes that Tillery was aware of the date the premium was due and the date that the 30-day grace period expired.  Tillery does not dispute that she received notice of the policy renewal date of July 21, 2005, and the grace period expiration date of August 20, 2005. Further, the parties do not contest that Tillery mailed the payment through the regular United States mail when told by her agent that her "policy was about to expire," but the payment was

not received within 30 days of the expiration date.

There are no disputed issues of material fact that the policy lapsed on July 21, 2005, and was not reinstated by payment before the expiration date of August 20, 2005, and Fidelity is entitled to judgment as a matter of law.[2]  Accordingly, Fidelity's motion for summary judgment is granted, and Tillery's cross-motion for summary judgment is denied.

New Orleans, Louisiana, this __30th_ day of November, 2007.

_____
        **MARY ANN VIAL LEMMON**
    **UNITED STATES DISTRICT JUDGE**

---

[2]   Tillery's argument that the mortgage clause of the policy permits her to recover the outstanding balance of her mortgage is not properly before the court because it was not alleged in the complaint.