UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEANNE TILLERY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4934** |
| **NATIONAL FLOOD INSURANCE PROGRAM, ET AL.** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion for Summary Judgment (Doc. #30) is **GRANTED**. The sum of $50,130.08, is due under plaintiff's mortgage insurance coverage.

**IT IS FURTHER ORDERED** that the check in that amount be made payable to plaintiff's mortgagee, Bank One.

### BACKGROUND

Plaintiff, Jeanne Tillery, lost her home located at 2751 Prentiss Avenue, New Orleans, Louisiana as a result of flood damage caused by Hurricane Katrina. At the time of the loss, plaintiff believed that the property was insured under a Standard Flood Insurance Policy ("SFIP") issued by Fidelity National Property and Casualty Insurance Company ("Fidelity") pursuant to the Write-Your-Own ("WYO") program of the National Flood Insurance Program ("NFIP"). Plaintiff provided written proof of her claim to Fidelity, but her claim was denied because the policy for the 2005-2006 period had lapsed due to non-payment.

Fidelity sent plaintiff a renewal notice on May 26, 2005, and a reminder on July 6, 2005, stating that her SFIP expired on July 21, 2005, and that she had to send the premium before the 30-

day grace period for reinstatement expired on August 20, 2005. Plaintiff claims that she mailed Fidelity a check for the policy renewal premium on August 14, 2005. Fidelity received the check on August 25, 2005, after the 30-day grace period had expired.

Plaintiff filed this action against Fidelity alleging that Fidelity breached the insurance contract by failing to pay her flood claim. On December 4, 2007, the court granted Fidelity's motion for summary judgment finding that plaintiff's policy had lapsed on July 21, 2005, and was not reinstated by payment before the expiration of the grace period. The court declined to consider plaintiff's argument that the SFIP's "Mortgage Clause," Article VII(Q), permitted her to recover the outstanding balance of her mortgage finding that plaintiff did not plead such a claim in her complaint.

On February 7, 2008, the court granted plaintiff's motion to reconsider her arguments regarding the Mortgage Clause. The court stated that the allegations in the complaint were sufficient to include this claim. The court held that the mortgage clause was in force as of the date of the loss, but that there were issues of material fact regarding the involvement of the mortgagee in the claim that precluded summary judgment in plaintiff's favor.

Three years later, plaintiff filed a second motion for summary judgment arguing that there is no issue of fact that she had an outstanding mortgage balance of $50,130.08, on the date of the loss, and that she is entitled to that amount, plus interest from the October 8, 2005, the date on which Fidelity denied her claim.

## ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

### B. The SFIP Mortgage Clause, Article VII(Q)

The NFIP was established by the National Flood Insurance Act, 42 U.S.C. § 40001, et seq., and is administered through the Federal Emergency Management Agency ("FEMA"). Wright v. Allstate Ins. Co. (Wright I), 415 F.3d 384, 386 (5th Cir. 2005). FEMA sets the terms and conditions of all federal flood insurance policies, and those polices must be issued in the form of a SFIP. 44 C.F.R. § 61.4(b); Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998). SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance]

Administrator" and must be strictly construed and enforced. 44 C.F.R. § 61.13(d); Wright I, 415 F.3d at 387; Gowland, 143 F.3d at 953-54; see also Forman v. FEMA, 138 F.3d 543, 545 (5th Cir. 1998).

Although SFIP proceeds can be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury."[1] Wright I, 415 F.3d at 386; see also Gowland, 143 F.3d at 953. Because the federal treasury is implicated in the payment of flood claims, the provisions of an SFIP must be strictly construed and enforced. See Forman, 138 F.3d at 545.

The SFIP provides flood insurance for the benefit of the insured and his or her mortgagee by defining "Insured(s)" to include "[a]ny mortgagee or loss payee named in the Application and Declarations Page, as well as any other mortgagee or loss payee determined to exist at the time of the loss in the order of precedence." The SFIP protects the interest of a mortgagee by including a loss payable clause that entitles a mortgagee to recover to the extent of the mortgage debt.[2] See Midland Mortgage Co. v. State Farm Fire & Cas. Co., 2009 WL 1789419 (E.D. La. 6/23/09). Also,

---

[1] FEMA regulations for the NFIP provide that "loss payments" shall be payable from federal funds. 44 C.F.R. pt. 62, app. A, art. III(D)(2) ("Loss payments include payments as a result of litigation that arises under the scope of this Arrangement [between WYOs and the federal government], and the Authorities set forth herein."). "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'" Wright I, 415 F.3d at 387 (quoting Office of Pers. Mgmt. v. Richmond, 110 S.Ct. 2465, 2471 (1990)).

[2] The SFIP's Mortgage Clause, Article VII(Q), provides in pertinent part:

> Any loss payable under Coverage A - Building Property will be paid to any mortgagee of whom we have actual notice as well as any other mortgagee or loss payee determined to exist at the time of the loss, and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

the SFIP's Mortgage Clause, Article VII(Q), provides that, if the policy is cancelled or not renewed, it continues "in effect for the benefit of the mortgagee only" for 30 days after the insurance provider notifies the mortgagee, i.e. the insured, of the cancellation or nonrenewal.  Further the policy renewal section of FEMA's SFIP manual provides "[m]ortgagee protection under the policy shall continue in force after the expiration of the policy for 30 days from the mailing" of the final notice of renewal.

The SFIP specifically provides protection to mortgagees for a 30 day period after the expiration of a policy that is not afforded to the mortgagor insured.  There is no requirement that the mortgagee make a claim on its own behalf to recover under the loss payee provision, or to protect its rights under the 30-day continuance of the policy after its expiration. Because Bank One is protected by these provisions as a mortgagee, it is entitled to recover $50,130.08, the amount of plaintiff's mortgage that was outstanding on the date of the loss.

However, Bank One may not recover prejudgment interest.  "As a general rule, in suits against the sovereign, the United States is not liable for interest unless the liability is imposed by statute or assumed by contract." Estate of Lee, 812 F.2d 253, 256 (5th Cir. 1987). Claims against WYO insurers are paid from federal funds. 44 C.F.R. pt. 62, app. A, art. III(D)(2).  The SFIP does not provide for prejudgment interest.  Therefore, prejudgment interest is not recoverable against WYO insurers.  Newton v. Capital Assurance Co., Inc., 245 F.3d 1306, 1312 (11th Cir. 2001).

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion for Summary Judgment (Doc. #30) is **GRANTED**.  The sum of $50,130.08, is due under plaintiff's mortgage insurance coverage.

5

**IT IS FURTHER ORDERED** that the check in that amount be made payable to plaintiff's mortgagee, Bank One.

New Orleans, Louisiana, this   19th   day of May, 2011.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**