UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEANNE TILLERY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4934** |
| **NATIONAL FLOOD INSURANCE PROGRAM, ET AL.** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant Fidelity National Property and Casualty Insurance Company's Rule 59(e) motion for Reconsideration (Doc. #40) is **GRANTED**, and plaintiff's complaint is **DISMISSED WITH PREJUDICE**.[1]

## BACKGROUND

Plaintiff, Jeanne Tillery, lost her home located at 2751 Prentiss Avenue, New Orleans, Louisiana as a result of flood damage caused by Hurricane Katrina. At the time of the loss, plaintiff believed that the property was insured under a Standard Flood Insurance Policy ("SFIP") issued by Fidelity National Property and Casualty Insurance Company ("Fidelity") pursuant to the Write-Your-Own program of the National Flood Insurance Program. However, when she made a claim, Fidelity informed her that her flood insurance policy had lapsed because of non-payment of the premium.

---

[1] This ruling does not impact the ability of the mortgagee to assert a claim on its own behalf under the mortgage clause if the insurer has not complied with the provisions of the policy which would trigger the tolling provision related to the mortgage clause. See Article VII(Q)(3).

Fidelity sent plaintiff a renewal notice on May 26, 2005, and a reminder on July 6, 2005, stating that her SFIP would expire on July 21, 2005, and that she had to pay the premium before the 30-day grace period for reinstatement expired on August 20, 2005.  Plaintiff claims that she mailed a check to Fidelity for the policy renewal premium on August 14, 2005.  Fidelity received the check on August 25, 2005, after the 30-day grace period.

Plaintiff made a claim on her SFIP via telephone, but Fidelity denied plaintiff's claim because the policy for the 2005-2006 period had lapsed due to non-payment of the premium. On October 8, 2005, Fidelity notified Tillery via letter that she did not have a flood insurance policy through Fidelity in effect at the time of the loss.  The letter does not state that the mortgagee, Bank One, received a carbon copy of it.  Neither plaintiff nor the mortgagee has filed a formal, written proof of loss with Fidelity that conforms to the requirements of Article VII(J)(4) of the SFIP.[2]

---

[2]    44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4) provides:

Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
a.  The date and time of loss;
b.  A brief explanation of how the loss happened;
c.  Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
d.  Details of any other insurance that may cover the loss;
e.  Changes in title or occupancy of the covered property during the term of the policy;
f.  Specifications of damaged buildings and detailed repair estimates;
g.  Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
h.   Details about who occupied any insured building at the time of the loss and for what purpose; and
i.  The inventory of damaged personal property described in J.3. above.

Plaintiff filed this action against Fidelity alleging that Fidelity breached the insurance contract by failing to pay her flood claim. On December 4, 2007, this court granted Fidelity's motion for summary judgment finding that plaintiff's policy had lapsed on July 21, 2005, and was not reinstated by payment before the expiration of the grace period. This court declined to consider plaintiff's argument that the SFIP's "Mortgage Clause," Article VII(Q), which remained in effect for 30 days after notification by the insurer to the mortgagee of the cancellation of the policy, permitted her to recover the outstanding balance of her mortgage, finding that plaintiff did not plead such a claim in her complaint.

On February 7, 2008, this court granted plaintiff's motion to reconsider her arguments regarding the mortgage clause. This court determined that the allegations in the complaint were sufficient to include this claim, and that the mortgage coverage provided in the SFIP's mortgage clause was in effect at the time of the loss. The mortgage clause provides that if the policy is not renewed "it will continue in effect for the benefit of the mortgagee only for 30 days after [the insurer] notif[ies] the mortgagee of the cancellation or nonrenewal." On August 19, 2005, Fidelity notified the mortgagee that plaintiff's policy would not be renewed. Therefore, the mortgagee coverage was in effect until September 19, 2005, including the date of the loss. However, this court also found that there were issues of material fact regarding the involvement of the mortgagee in the claim that precluded summary judgment in plaintiff's favor.

Three years later, plaintiff filed a second motion for summary judgment arguing that there is no issue of fact that she had an outstanding mortgage balance of $50,130.08 on the date of the loss, and that she is entitled to that amount. On May 19, 2011, this court granted the motion, finding

that the SFIP provides protection to the mortgagee for a 30-day period after the expiration of a policy, and that there is no requirement that the mortgagee make a claim on its own behalf to recover under the loss payee provision. This court found that the mortgagee was entitled to recover the amount of plaintiff's mortgage that was outstanding on the date of the loss. On June 14, 2011, Fidelity filed a motion to reconsider, arguing that plaintiff had no standing to make the claim on the mortgagee's behalf. The standing issue is now before this court.

## ANALYSIS

**A.    Legal Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit has held nonetheless that if such a motion is filed within 28 days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); see also Rule 59(e). Because Fidelity filed the instant motion within 28 days of the ruling on which it seeks reconsideration, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). A court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under Rule 59(e). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that

4

should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

This court exercises its considerable discretion and reopens the case.

**B.      Standing**

Under Article III of the Constitution of the United States, a litigant must have "'standing' to invoke the power of the federal court." Allen v. Wright, 104 S.Ct. 3315, 3324 (1984). "'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of a particular issue.'" Id. (quoting Warth v. Seldin, 95 S.Ct. 2197, 2205 (1975)). The party seeking to have claims redressed by the federal court must establish the elements of standing for each claim that she seeks to press. Lujan v. Defendars of Wildlife, 112 S.Ct. 2130, 2176 (1992); DaimlerChrysler Corp. v. Cuno, 126 S.Ct. 1854, 1867 (2006). Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and the claim must be dismissed. U.S. CONSTUTITION ART. 3, § 2, cl. 1.

Standing has constitutional and prudential requirements. Standing, at its "irreducible constitutional minimum," requires a plaintiff to demonstrate that: (1) she has suffered an "injury-in-fact"; (2) the injury is fairly traceable to the defendant's actions; and (3) that the injury will likely be redressed by a favorable decision. Id. An "injury-in-fact" is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Webb v. City of Dallas, 314 F.3d 787, 791 (5th Cir. 2002).

The prudential requirements of standing embrace "several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights." Allen, 104 S.Ct. at 3324. However, a litigant may bring an action on behalf

5

of a third party if: (1) the litigant has an "injury-in-fact," which gives her a "sufficiently concrete interest" in the outcome of the issue in dispute; (2) the litigant has a close relation to the third party; and, (3) the third party's ability to protect its own rights are hindered. Powers v. Ohio, 111 S.Ct. 1364, 1370-71 (1991) (citations omitted).

In this case, plaintiff has suffered an "injury-in-fact" that is fairly traceable to Fidelity, i.e. Fidelity's denial of her Hurricane Katrina claim prevented her from receiving insurance proceeds to repair her property or payoff the mortgage. A favorable decision would redress the claim by providing her with the funds. However, plaintiff has not demonstrated that she has standing to make a claim on the mortgagee's behalf under the SFIP's mortgage clause because she has not demonstrated that the mortgagee was hindered from protecting its own rights. Because plaintiff lacks standing to pursue such a claim on the mortgagee's behalf, the claim must be dismissed.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Fidelity National Property and Casualty Insurance Company's Rule 59(e) motion for Reconsideration (Doc. #40) is **GRANTED**, and plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  30th  day of September, 2011.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**